| STATE OF INDIANA | SS: | LAKE COUNTY CIRCUIT & SUPERIOR COURT |
|---|---|---|
| COUNTY OF LAKE | | CAUSE NO. |

**Benjamin Garber,**

    Plaintiff,

vs.

**Franciscan Alliance, Inc.** d/b/a **Franciscan Health Dyer**, **Anthony Pinarski**, **Christopher Witt**, **American Heritage Protective Services, Inc.**, and **John Does 1-10.**

    Defendants.

## Plaintiff's First Amended Complaint and Jury Trial Demand

Pursuant to Rule 15(A) of the Indiana Rules of Trial Procedure, Plaintiff Benjamin Garber, by counsel, brings this first amended complaint against Defendants Franciscan Alliance, Inc. d/b/a Franciscan Health Dyer, Anthony Pinarski, Christopher Witt, American Heritage Protective Services, Inc., and John Does 1-10 for injuries suffered after being illegally detained and falsely accused of trespass and theft.[1] In support, Garber states:

### Introduction

1. On March 11, 2018, Benjamin Garber travelled to Franciscan hospital in Dyer, Indiana, to retrieve a gynecological hysterscope owned by his employer, Hologic, Inc.

---

[1] To date, no Defendant has served a responsive pleading. Trial Rule 15(A) provides: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is permitted."

2. Shortly after arriving, Garber was interrogated by a security officer who demanded to know who he was and why he was there.

3. The security officer displayed what appeared to be a police badge and announced that he did not believe Garber was a medical device sales representative.

4. Garber was then searched and shoved up against a concrete wall. He was slapped in the genital area during the search.

5. The guard then handcuffed Garber and removed all of Garber's personal belongings. While Garber was being handcuffed, the searching security guard and other guards harassed and taunted him.

6. Garber was then held captive until a police officer arrived. Garber was then transferred to a police cruiser and taken to the station for booking. He was placed in a small locker with no shoes. Once the charging documents were created, Garber was then transferred to the Lake County Jail and released after posting bond.

7. Ultimately, all criminal charges were dismissed.

8. Garber now sues Defendants for wrongfully arresting, searching, and detaining him.

## Jurisdiction and Venue

9. Defendant Franciscan is an Indiana non-profit corporation. The hospital is in Lake County, Dyer, Indiana.

10. Upon information and belief Defendant Pinarski lives in Lake County, Indiana.

11. Upon information and belief, Defendant Witt and lives in Cook County, Illinois.

12. Defendant American Heritage Protective Services, Inc. is an Illinois corporation with its principal place of business in Illinois. Upon information and belief, Defendants Pinarski and Witt were employed with and/or were agents of American Heritage.

13. Upon information and belief, Defendants John Does 1-10 are security personnel with Defendant Franciscan and reside in Lake County. As of filing this Complaint, Garber does not know the identity of the other security guards involved in his false arrest.

14. Venue is preferred in this County given that the events causing this complaint took place in Lake County and the majority of Defendants are residents of Lake County.

## Factual Background

15. On March 8th and 9th, 2018, Garber had a sales meeting with his colleagues at Hologic, including the President and Vice President of his division.

16. During that meeting, Garber was to present his growth projections for the quarter/year.

17. Defendant Franciscan was one of Garber's accounts that typically used his sales products weekly in surgical/diagnostic procedures. Garber was attempting to convert Franciscan to another competitive product for surgical use.

18. On March 9, 2018, Garber received an e-mail changing a surgery time for the following week. That specific case was scheduled to use one of Garber's sales products and it was imperative for him to attend the case.

19. On March 11, 2018, Garber travelled to Franciscan to retrieve a Hologic-owned gynecological hysterscope.

20. Garber parked his vehicle in front of the hospital and proceeded to the front desk of the hospital.

21. There was a female employee and a male security officer seated at the front desk. Upon information and belief, the seated security guard was Defendant Witt.

22. Garber asked for an escort to SPD (Sterile Processing Department) to retrieve the Hologic-owned hysterscope. The scope was on loan to the hospital for surgical procedures.

23. The security officer said nothing, but lead Garber to the SPD front door. The security officer told Garber to wait at the SPD door and walked back to the Emergency Department entrance.

24. When he returned, the security guard brought an additional guard to unlock the SPD door. Upon information and belief, the additional guard was Defendant Pinarski.

25. Pinarski showed Garber a police badge and questioned him on why he needed to be in the SPD area.

26. Garber explained that he was a medical device sales representative and needed to retrieve an instrument owned by his company.

27. Within minutes, Garber was surrounded by several unknown security guards and/or hospital staff.

28. An unknown guard cussed at Garber.

29. Defendants Witt and Pinarski repeatedly stated they did not believe that Garber was a sales representative.

30. Pinarski announced that Garber was "resisting arrest." Garber replied that he was not resisting anything.

31. Garber was then searched and shoved up against the entrance to the SPD. Pinarski searched Garber and assaulted him by hitting him in the genital area during the search. Garber repeatedly stated that Pinarski and the other guards were making a mistake.

32. Pinarski removed all Garber's personal belongings and handcuffed Garber behind his back, while continuing to mock and taunt Garber. The guards then told Garber they had the right to detain him for questioning.

33. After several minutes, Pinarski told another guard to call the police.

34. The police arrived and told Garber they could hold him until 9:00 p.m. for questioning.

35. Garber was then walked outside the Emergency Department and questioned by Dyer police.

36. Garber was then put in a Dyer police cruiser and driven to the station for booking.

37. Garber was placed in a cell with no shoes and was locked up for several hours.

38. Upon information and belief, Defendants contacted Garber's employer (Hologic) and claimed that Garber had been stealing Depuy medical equipment from the hospital and selling it on the "black market."

39. Garber's employment with Hologic was terminated.

40. Garber was charged with criminal trespass.

41. The charges were dismissed with prejudice under a pre-trial diversion agreement. Garber never admitted fault or culpability as part of the pre-trial diversion program.

42. After Garber was arrested, however, a flyer went to a—at a minimum—number of hospitals in the Northwest Indiana and Chicagoland areas with his mugshot.

43. Garber can no longer work in the medical device filed due the damage his arrest caused to his reputation.

## Count I
(False Arrest)

44. Plaintiff incorporates by reference all prior factual allegations as fully as if set forth herein.

45. Defendants restrained Plaintiff's freedom of movement and/or liberty without Plaintiff's consent.

46. As a direct and proximate result of Defendants' restraint, Plaintiff was damaged.

**Wherefore**, Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count I, grant Plaintiff compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, and grant Plaintiff all further just and appropriate relief in the premises.

## Count II
(Malicious Prosecution)

47. Plaintiff incorporates by reference all prior factual allegations as fully as if set forth herein.

48. Defendants caused to be started a criminal prosecution against Plaintiff.

49. Defendants acted maliciously in doing so.

50. The criminal prosecution ended in Plaintiff's favor.

51. As a direct and proximate result of Defendants' conduct, Plaintiff was damaged.

**Wherefore,** Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count II, grant Plaintiff compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, and grant Plaintiff all further just and appropriate relief in the premises.

## Count III
(Defamation *per se*)

52. Plaintiff incorporates by reference all prior factual allegations as fully as if set forth herein.

53. Defendants made, at a minimum, the following communication: that Plaintiff was trespassing and had stolen medical equipment.

54. The communication was about Plaintiff.

55. The communication is of a kind that tends to lower a person's reputation in the community or to discourage others from dealing or associating with the person.

56. The communication was heard by someone other than Plaintiff.

57. Defendants knew the communication was false or, believing it to be true, failed to use reasonable care to determine its truth.

**Wherefore,** Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count III, grant Plaintiff presumed damages in an amount to be determined by a jury, grant Plaintiff compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, and grant Plaintiff all further just and appropriate relief in the premises.

## Count IV
(Negligent Infliction of Emotional Distress)

58. Plaintiff incorporates by reference all prior factual allegations as fully as if set forth herein.

59. Defendants were negligent.

60. Plaintiff was directly involved in an incident related to Defendants' negligence even if Plaintiff was not physically injured.

61. Plaintiff suffered serious emotional distress of the type that a reasonable person would expect to occur.

62. Defendants' negligence was a responsible cause of Plaintiff's emotional distress.

**Wherefore,** Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count IV, grant Plaintiff compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, and grant Plaintiff all further just and appropriate relief in the premises.

## Count V
(Violation of 42 U.S.C. § 1983)

63. Plaintiff incorporates by reference all prior factual allegations as fully as if set forth herein.

64. At all times, Defendant Pinarski was acting under the color of state law.

65. Defendants American Heritage, Franciscan and Witt acted under the color of state law as a willful participant in joint action with the State or its agents. Specifically, Defendant Franciscan and American Heritage hired an instrument of the State's power. Defendant Pinarski was hired to serve Defendant Franciscan's and Defendant American Heritage's goal of providing security and deterring theft.

66. Defendants violated—at a minimum—the following constitutional rights of Plaintiff: (1) his right to liberty and specifically personal safety, privacy, and freedom from captivity; and, (2) his right to be secure in his person, papers, and effects against unreasonable searches and seizures under the Fourth Amendment.

67. Defendants violated Plaintiff's established constitutional rights although there was no reasonable evidence or probable cause for doing so.

68. Defendants wrongfully detained Plaintiff, depriving him of his freedom, freedom of movement, and subjecting him to an unlawful and unreasonable search and seizure.

69. As a direct and proximate result of Defendants' violations of Plaintiff's civil and constitutional rights, Plaintiff was damaged.

**Wherefore,** Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count V, grant Plaintiff compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, grant Plaintiff his attorney's fees and costs as allowable at law, and grant Plaintiff all further just and appropriate relief in the premises.

## Count VI
(Intentional Infliction of Emotional Distress)

70. Plaintiff incorporates by reference all prior factual allegations as fully as if set forth herein.

71. By their extreme and outrageous conduct, Defendants intentionally or recklessly caused severe emotional distress to Plaintiff.

**Wherefore,** Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count VI, grant Plaintiff compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, and grant Plaintiff all further just and appropriate relief in the premises.

## Count VII
(Battery)

72. Plaintiff incorporates by reference all prior factual allegations as fully as if set forth herein.

73. Defendants recklessly, knowingly, or intentionally touched Plaintiff in a rude, insolent, or angry manner.

74. Plaintiff did not give authorization to be touched.

**Wherefore,** Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count VII, grant Plaintiff compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, and grant Plaintiff all further just and appropriate relief in the premises.

## Count VIII
(Wrongful Interference with a Business Relationship)

75. Plaintiff incorporates all prior factual allegations as fully as if set forth herein.

76. A business relationship existed between Plaintiff and Hologics.

77. Defendants knew of the business relationship.

78. Defendants intentionally interfered with the business relationship.

79. Defendants acted illegally in achieving Defendants' ends.

80. Plaintiff was damaged because of Defendants' conduct.

**Wherefore**, Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count VIII, grant Plaintiff compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, and grant Plaintiff all further just and appropriate relief in the premises.

## Count IX
(Respondent Superior Liability)

81. Plaintiff incorporates by reference all prior factual allegations as fully as if set forth herein.

82. Defendant Pinarski and Defendant Witt were employed and/or acting as an agent of Defendant Franciscan at all relevant times.

83. Defendant Pinarski and Defendant Witt were acting within the scope of their employment and/or agency with Defendant Franciscan at all times.

84. The acts of Defendant Pinarski and Defendant Witt occurred while each was performing activities expressly or impliedly authorized by Defendant Franciscan and/or incidental to Defendant Pinarski's and Defendant Witt's authorized activities.

85. Defendant Pinarski and Defendant Witt were employed and/or acting as an agent of Defendant American Heritage at all relevant times.

86. Defendant Pinarski and Defendant Witt were acting within the scope of their employment and/or agency with Defendant American Heritage at all times.

87. The acts of Defendant Pinarski and Defendant Witt occurred while each was performing activities expressly or impliedly authorized by Defendant American Heritage and/or incidental to Defendant Pinarski's and Defendant Witt's authorized activities

**Wherefore**, Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count IX, grant Plaintiff compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, and grant Plaintiff all further just and relief in the premises.

## Count X
(Negligence)

88. Plaintiff incorporates by reference all prior factual allegations as fully as if set forth herein.

89. Defendants owed Plaintiff a duty in carrying out their security activities.

90. Defendants breached that duty.

91. As a direct and proximate result of that breach, Plaintiff was damaged.

**Wherefore,** Plaintiff Benjamin Garber respectfully requests the Court to enter judgment in his favor and against Defendants on Count X, grant Plaintiff

compensatory damages in an amount to be determined by a jury, grant Plaintiff punitive damages in an amount to be determined by a jury, grant Plaintiff pre- and post-judgment interest, and grant Plaintiff all further just and relief in the premises.

Respectfully Submitted,

RILEY WILLIAMS & PIATT, LLC

/s/ *Joseph N. Williams*
Joseph N. Williams (25874-49)
301 Massachusetts Avenue, Suite 300
Indianapolis, Indiana 46204
T: 317.633.5270
F: 317.426.3348
jwilliams@rwp-law.com

*Counsel for Plaintiff*

## Jury Demand

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff, by counsel, respectfully requests a trial by jury on all issues deemed so triable.

/s/ *Joseph N. Williams*
Joseph N. Williams

*Counsel for Plaintiff*

## Certificate of Service

I certify that on February 20, 2020, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I also certify that on February 20, 2020, the foregoing document was served upon the following persons via IEFS:

Chad M. Buell
James H. Milstone
KOPKA PINKUS DONLIN PC
cmbuell@kopkalaw.com
jhmilstone@kopkalaw.com

Robert A. Anderson
Hillary N. Buchler
KRIEG DEVAULT LLP
randerson@kdlegal.com
hbuchler@kdlegal.com

/s/ *Joseph N. Williams*
Joseph N. Williams